UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD STANFIELD (#293111)                                     CIVIL ACTION

VERSUS

ALLEN VERRET, COLONEL, ET AL.                                  16-78-SDD-EWD

## RULING

Pursuant to *Order*[1] dated March 9, 2016, Plaintiff was ordered to pay, within twenty-one (21) days, an initial partial filing fee in the amount of $ 2.27, "or this action shall be dismissed." When Plaintiff failed to make the required payment within the time allowed, the Court entered a second *Order*[2] on May 20, 2016 directing Plaintiff to appear and show cause, in writing, within twenty-one (21) days, why his *Complaint*[3] should not be dismissed for failure to pay the initial partial fee. The Court's *Order* further directed Plaintiff to attach to his response copies of his inmate account transaction statements showing the daily account activity in his inmate drawing, savings, and reserve accounts for the months of March and April of 2016, including deposits into, withdrawals from, and balances in these accounts.[4] The referenced *Order* further advised Plaintiff that documentation that did not include the relevant information would not be considered responsive to the *Order*.[5] Finally, the Court's *Order* advised Plaintiff that, in the event

---

[1] Rec. Doc. 6.
[2] Rec. Doc. 8.
[3] Rec. Doc. 1.
[4] *Id.*
[5] *Id.*

that he failed to provide the requested documentation or in the event that the Court was able to determine from Plaintiff's records that he had possessed in his inmate accounts sums sufficient to make the required payment but had failed to do so, Plaintiff's action would be dismissed without further notice for failure to pay the Court's initial partial filing fee.[6]

Plaintiff has since responded to the Court's *Order*, see R. Doc. 9, but the Court finds that Plaintiff's response is deficient. Specifically, the documentation attached to Plaintiff's response reflects that, during the two-month period after the Court directed Plaintiff to pay an initial partial filing fee in the amount of $ 2.27, Plaintiff earned incentive wages at the prison of no less than $11.72, yet Plaintiff has failed to show that he made any attempt to remit to the Court the required fee. Accordingly, the Court is able to determine from Plaintiff's records that he possessed in his inmate accounts sums sufficient to make the required payment but nonetheless failed to do so, and he has not shown the Court that he submitted any withdrawal requests to prison officials requesting that the initial partial fee be paid. In the absence of any explanation by Plaintiff for his failure to request withdrawal from his accounts to make the required payment once he was in possession of the necessary funds, the Court finds that Plaintiff has failed to show good cause for his failure to pay the initial partial filing fee.[7]

---

[6] *Id.*

[7] It appears from a *Notice of Change of Address* filed in the record in September, 2016 (Rec. Doc. 10) that Plaintiff has since been released from confinement. This does not excuse Plaintiff's failure, for a period of more than six months, to make any effort to comply with this Court's *Order* to pay the initial partial filing fee.

**IT IS HEREBY ORDERED** that the above-captioned proceeding be dismissed without prejudice for failure of Plaintiff to comply with the Court's *Orders* to pay an initial partial filing fee.

Baton Rouge, Louisiana the 14 day of March, 2017.

_____
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA